UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

JOSEPH RICHARD FREDRICKSON,       )
                                  )
       Plaintiff,                 )
                                  )
v.                                )   No. 4:15-CV-024-HSM-CHS
                                  )
BEDFORD COUNTY JAIL,              )
                                  )
       Defendant.                 )

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. Now before the Court is Plaintiff's motion to compel Defendant Bedford County to provide him with his trust fund account statement [Doc. 4][1] and motion for leave to proceed *in forma pauperis* [Doc. 5], which is supported by his inmate account certificate [Doc. 6]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] will be **GRANTED** and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

I. **FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] and his inmate trust fund account certificate [Doc. 6] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5]

---

[1] While this motion was docketed as an amended complaint, it is apparent from the substance thereof that it is not an amended complaint, but rather a motion to compel Defendant to provide Plaintiff with his trust fund account certificate so that the Court would allow Plaintiff to proceed *in forma pauperis*. Accordingly, the Clerk will be **DIRECTED** to update the docket to reflect this. Further, as it is apparent that Plaintiff did receive a copy of his trust fund account certificate [Doc. 6], this motion will be **DENIED as moot**.

will be **GRANTED**. As Plaintiff is incarcerated in the Bedford County Correctional Facility, he will be **ASSESSED** the civil filing fee of $350.00.

The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to the Sheriff of Bedford County to ensure that the custodian of Plaintiff's inmate trust account complies with the Prisoner Litigation Reform Act ("PLRA") with regard to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this memorandum opinion and accompanying order to the Court's financial deputy.

## II.   SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal

standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).

### III.   ALLEGATIONS OF THE COMPLAINT

Despite being aware that "it[]s facility is laden with molds, fungi, rust[,] and unidentified bacterial and virus growths throughout," Defendant has filed to take any action to correct these conditions or to protect Plaintiff [Doc. 1 p. 1–2]. Also, Defendant is aware that its menu "falls below the caloric requirement as set forth in the minimum jail standards of Tennessee" and has been notified that its "nutritionally deficient menu could result in severe malnutrition," but has not corrected this deficiency [*Id.* at 2]. Further, Defendant is aware that its collection of legal books is outdated, cannot be used to find current rules and regulations, and falls below the minimum standards for jails and prisons in the State of Tennessee, but has refused to allow Plaintiff to access up to date legal materials and resources [*Id.* at 2–3]. Defendant has also removed Plaintiff's access to the press and media in violation of Plaintiff's First Amendment rights and has taken no steps to

correct this [*Id.* at 3]. Lastly, Defendant does not meet the minimum jail and prison standards for the State of Tennessee, but has no intention to bring itself in line with those standards [*Id.* at 3–4].

## IV. ANALYSIS

### 1. Proper Defendant

First, the only entity Plaintiff has sued in this matter is Bedford County Jail. The jail, however, is a building and is not subject to suit under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688–90 (finding that in a suit against a local government unit, only "bodies politic" are "persons" who are amenable to be sued under § 1983); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983). Accordingly, the Court liberally construes Plaintiff's complaint as against Bedford County.

### 2. Conditions of Confinement

Plaintiff alleges that Bedford County knows that it has mold, rust, fungi, and bacterial and viral growths throughout, but has failed to fix these conditions [*Id.* at 1–2]. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities'" will establish a conditions of confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted). Prison authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words,

the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.* at 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Nothing in the complaint allows the Court to plausibly infer that any of the conditions of confinement set forth in Plaintiff's complaint amounts to an extreme deprivation that exposes Plaintiff to a grave risk. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 based on the conditions of his confinement.

### 3. Jail Menu

Plaintiff also alleges that the jail's menu does not provide the minimum amount of calories that Tennessee jails are required to provide and that it has not corrected its nutritionally deficient menu that could cause malnutrition [*Id.* at 2]. While a jail's failure to provide sufficient calories may violate a prisoner's constitutional rights, *see Welch v. Spaulding*, 627 F. App'x 479, 482–84 (6th Cir. 2015), Plaintiff does not allege that he is not receiving sufficient calories. Rather, he alleges that the jail does not provide inmates with food that would provide the number calories that the State of Tennessee requires the jail to provide. As claims may be brought under § 1983 only for violations of constitutional rights, however, violation of state policy is insufficient to state a claim under § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Moreover, Plaintiff sets forth no facts to support his allegations that the menu is "nutritionally deficient and could cause malnutrition" [*Id.* at 2]. Conclusory statements such as this are insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.W. 662, 679 (2009). As such, Plaintiff's allegations regarding the jail's menu fail to state a claim upon which relief may be granted under § 1983.

### 4. Legal Books

Plaintiff next alleges that the jail's collection of legal books is outdated, cannot be used to find current rules and regulations, and falls below the minimum standards for jails and prisons in

5

the State of Tennessee, but it has refused to allow Plaintiff to access up to date legal materials and resources [*Id.* at 2–3]. An inmate has a right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In order to establish such a claim for violation of this right, a plaintiff must show that his efforts to pursue a non-frivolous legal claim regarding his conviction or conditions of confinement have been obstructed. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of access to the courts. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As Plaintiff has alleged no such prejudice, this claim fails to state a claim upon which relief may be granted under § 1983.

### 5. Access to Press and Media

Plaintiff also asserts that Defendant has removed Plaintiff's access to the press and media in violation of Plaintiff's First Amendment rights [*Id.* at 3]. Plaintiff, however, has not set forth any specific facts supporting this allegation, nor has he set forth any facts from which the Court can plausibly infer that Defendant Bedford County has a custom or policy behind this alleged constitutional violation as required for Defendant Bedford County to be liable for such a claim. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 691 (1978) (holding that a government can only be liable where its official policy causes the constitutional rights violation). Accordingly, these allegations fail to state a claim against Defendant Bedford County upon which relief may be granted under § 1983.

### 6. Jail and Prison Standards

Lastly, Plaintiff's allegation that the jail does not meet the State of Tennessee's minimum jail and prison standards likewise fails to state a claim upon which relief may be granted under § 1983, as failure to follow state law or regulations is not a violation of the constitution. *Gotten v.*

6

*Davis*, 215 F. App'x 464, 468 (6th Cir. 2007) (holding that "there is no constitutionally protected libery interest in having a state parole board follow its own statutes and regulations").

V.    **CONCLUSION**

For the reasons set forth above, the Clerk will be **DIRECTED** to correct the docket as to Plaintiff's motion to compel Defendant to provide a copy of his trust fund account certificate [Doc. 6] and this motion [*Id.*] will be **DENIED as moot**. Also, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] will be **GRANTED**. Even liberally construing the complaint in favor of Plaintiff, however, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE